IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



FILED

NOV 22 2017

Clerk, U S District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIMARZIO SWADE SANCHEZ,<br><br>Defendant. | CR 16-82-BLG-SPW-1<br><br>ORDER |

Before the Court is Defendant Dimarzio Sanchez's motion to instruct the jury of the mandatory minimum sentence for first degree murder (Doc. 194).

Sanchez argues the Sixth Amendment requires juries to be informed of mandatory minimum sentences so they can fulfill their historical role of nullifying unjust punishments, citing Senior Judge Jack B. Weinstein's opinion in *United States v. Polizzi*, 549 F.Supp.2d 308 (E.D.N.Y. 2008). Judge Weinstein's lengthy historical analysis of the traditional role of the jury is detailed and well researched. However, even if the Court found Judge Weinstein's opinion persuasive, it was subsequently overruled by the Second Circuit in *United States v. Polouizzi*, 564 F.3d 142 (2nd Cir. 2009). Although Sanchez argues the Second Circuit didn't address Judge Weinstein's Sixth Amendment holding, the Second Circuit's opinion clearly states "[o]ur precedent forecloses the conclusion that Polizzi had a

1

Sixth Amendment right to trial by a jury that had been instructed on the applicable mandatory minimum sentence." *Polouizzi*, 564 F.3d at 160.

To date, neither the Ninth Circuit nor the Supreme Court has held the Sixth Amendment requires juries be informed of mandatory minimum sentences. When those courts have discussed instructing the jury regarding sentencing, they have held it is inappropriate. *Shannon v. United States*, 512 U.S. 573, 579 (1994) (A jury "should be admonished to reach its verdict without regard to what sentence might be imposed.") (internal quotation and citation omitted); *United States v. Olano*, 62 F.3d 1180, 1201 (9th Cir. 1995) ("[I]t is inappropriate for a jury to consider or be informed of the consequences of their verdict.") (internal quotation and citation omitted). The Court is aware of only two circumstances where it is appropriate to instruct the jury regarding sentencing. First, when the jury serves a sentencing function, such as in a capital case. *Shannon*, 512 U.S. at 579. Second, when something is said or done at trial that misleads the jury regarding sentencing. *Shannon*, 512 U.S. at 587. Absent those two circumstances, instructing the jury regarding sentencing—other than to admonish it not to consider sentencing—is inappropriate. Sanchez's motion is denied.

DATED this 22nd day of November, 2017.

SUSAN P. WATTERS
United States District Judge