GILLIAN E. GOSCH
Assistant Federal Defender
ANTHONY R. GALLAGHER
Federal Defender
Federal Defenders of Montana
2702 Montana Avenue, Suite 101
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
gillian_gosch@fd.org
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIMARZIO SWADE SANCHEZ,<br><br>Defendant. | **Case No. CR 16-82-BLG-SPW**<br><br>**DEFENDANT'S OBJECTION TO THE GOVERNMENT'S INTRODUCTION OF EVIDENCE PURSUANT TO THE DYING DECLARATION EXCEPTION** |

     Defendant Dimarzio Swade Sanchez (Mr. Sanchez) hereby requests that this Court deny the government's request to introduce statements made by the victim in this case, Roylynn Rides Horse, before her death two months later.

     The government claims the statements made by Rides Horse are admissible pursuant to Federal Rule of Evidence 804(b)(2), which provides "[i]n a

1

prosecution for homicide . . . a statement that the declarant, while believing the declarant's death to be imminent, made about its cause or circumstances" is admissible as an exception to the rule against hearsay. While the government correctly cites to *Shepard v. United States*, 290 U.S. 96, 99-100 (1933), for the proposition that the declarant's condition must be "without hope of recovery and in the shadow of impending death," the government simply states because Rides Horse sustained injuries she had a sense of impending death. (ECF No. 239 at page 5). That is not the appropriate test. *See also United States v. Mattox*, 146 U.S. 140, 151 (1892) (impending death "made to appear from what the injured person said; or from the nature and extent of the wounds being obviously such that he must have felt or known that he could not survive; as well as from his conduct at the time and the communications, if any, made to him by his medical advisers").

    Rides Horse sustained numerous injuries, but the medical testimony does not suggest no hope existed for Rides Horse's recovery. In fact, the very contrary was true. Rides Horse lived for two months beyond the incident in question wherein recovery was not outside the realm of possibilities. Moreover, the government cannot prove–aside from the fact that Rides Horse had injuries–that she was about to die thereby insuring the veracity of the statements, which is why we have the dying declaration exists in the first place. *See Mattox v. United*

*States*, 146 U.S. 140, 152(1892) ("[T]he evidence must be received with the utmost caution, and if the circumstances do not satisfactorily disclose that the awful and solemn situation in which he is placed is realized by the dying man because of the hope of recovery, it ought to be rejected.").

WHEREFORE, the government's proposed evidence as it concerns the victim's statements should be precluded.

RESPECTFULLY SUBMITTED this 30th day of November, 2017.

/s/ Gillian Gosch

## CERTIFICATE OF SERVICE – L.R. 5.2(b)

I hereby certify that on November 30, 2017, a copy of the foregoing document was served on the following persons by the following means:

<u>1, 2,</u>   CM-ECF
<u>     </u>   Hand Delivery
<u>  3  </u>   Mail
<u>     </u>   Overnight Delivery Service
<u>     </u>   Fax
<u>     </u>   E-Mail

1.   CLERK, U.S. DISTRICT COURT

2.   LORI HARPER SUEK
      JOHN D. SULLIVAN
      Assistant United States Attorney
      United States Attorney's Office
      2601 Second Ave. North
      Suite 3200
      Billings, MT 59101
          Counsel for the United States

3.   DIMARZIO SWADE SANCHEZ
      Defendant

/s/ Gillian Gosch