GILLIAN E. GOSCH
Assistant Federal Defender
ANTHONY R. GALLAGHER
Federal Defender
Federal Defenders of Montana
2702 Montana Avenue, Suite 101
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
gillian_gosch@fd.org
      Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIMARZIO SWADE SANCHEZ,<br><br>Defendant. | Case No. CR-16-82-BLG-SPW-01<br><br>DEFENDANT'S<br>BRIEF IN SUPPORT OF<br>MOTION FOR AN EXTENSION<br>OF TIME TO FILE A<br>MOTION FOR A NEW TRIAL |

### I.  INTRODUCTION

Defendant Dimarzio Swade Sanchez (Mr. Sanchez) moved for an extension of time to file a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure.  Rule 33 is a claim-processing rule that ensures relief to a party

1

properly raising it.  *See Eberhart v. United States*, 546 U.S. 12, 19 (2005); *See also* Fed.R.Crim.P. 45(b)(1) ("[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires).  This brief supports Mr. Sanchez's properly raised motion for extension of time to file a motion for a new trial.

## II.  FACTS

Mr. Sanchez was charged with first degree murder, whereby the government alleged he unlawfully killed R.R. with malice aforethought and premeditation, and aided and abetted the same. (ECF No. 17).  He proceeded to trial by jury, denying the allegation against him and challenging the credibility of the government's witnesses and the evidence presented.  In short, Mr. Sanchez asserted that he could not have formed the requisite intent to commit first degree murder based, in large part, on his mental abilities which Licensed Clinical Psychologist, Teri Hastings, Ph. D. (Dr. Hastings) examined.

Dr. Hastings was called as Mr. Sanchez's sole witness.  She examined Mr. Sanchez and testified during Mr. Sanchez's trial about her findings.  Mr. Sanchez was convicted by jury of first degree murder on the afternoon of Thursday, December 7, 2017.

On the morning of Friday, December 8, 2017, undersigned counsel received a telephone call from a counselor familiar with Dr. Hastings asking if Dr. Hastings disclosed to undersigned counsel that a state indictment had been handed down against Dr. Hastings on November 29, 2017.  An arrest warrant for Dr. Hastings was issued on November 29, 2017 as well.  The indictment against Dr. Hastings alleges four counts, all four of which include obtaining possession of a controlled substance by theft, misrepresentation, forgery or fraud.  (*See* Indictment, attached as an Exhibit).

Dr. Hastings examined Mr. Sanchez during the time frame covered by the indictment.  While Dr. Hastings enjoys the presumption of innocence, the fact that she faces four drug charges at least raises the question whether Dr. Hastings was under the influence when she examined Mr. Sanchez and/or when she testified at his trial.  The material issue at Mr. Sanchez's trial was whether he acted with specific intent–as to first degree murder with premeditation.  If the jury believed that he did not act with such premeditation, the jury had the option of convicting him of a lesser included charge of second degree murder.

### III.  ARGUMENT

Rule 33 of the Federal Rules of Criminal Procedure provides that upon a defendant's motion, a district court "may vacate any judgment and grant a new

3

trial if the interest of justice so requires." A motion for a new trial that targets newly discovered evidence must be filed "within 3 years after the verdict or finding of guilty." Fed.R.Crim.P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Mr. Sanchez now requests within the necessary 14-day window an extension of time to file a motion for a new trial–a request that is not without precedent. *See* F. R. Crim. P. 33(b)(2); *See also*, *United States v. Leung*, 796 F.3d 1032 (9th Cir. 2015) (motion for new trial filed 14 days after the verdict permitted, as well as an extension to so file the motion, where district court told counsel to "go ahead and file your [new trial] motions whenever you want"); *United States v. Canova*, 412 F.3d 331 (2d Cir. 2005) (motion for an extension of time to file a motion for a new trial not properly entertained where defendant's extension request was not filed within the then-requisite seven days of the verdict).

    A defendant must satisfy a five-part test to prevail on a Rule 33 motion, which includes "(1) the evidence must be newly discovered; (2) the failure to discover the evidence sooner must not be the result of a lack of diligence on the defendant's part; (3) the evidence must be material to the issues at trial; (4) the evidence must be neither cumulative nor merely impeaching; and (5) the evidence

4

must indicate that a new trial would probably result in acquittal." *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (citation omitted). "The character of the defendant's newly discovered evidence determines how strictly" the fifth requirement is applied, whereby the "usual rule is that newly discovered evidence does not entitle a defendant to a new trial unless the evidence indicates that it is more probable than not that the new trial will result in acquittal." *United States v. Hinkson*, 585 F.3d 1247, 1283 (9th Cir. 2009) (en banc) (Fletcher, J., dissenting).

Evidence that is unknown at the time of trial cannot be the basis for granting a new trial if the defendant should have known of its existence through the exercise of due diligence. *United States v. Wall*, 389 F.3d 457, 469 (5th Cir. 2005) (evidence that does not exonerate "in any other fashion or weigh on any issues that were before the jury" is impeachment evidence not worthy of a motion for a new trial). Impeachment testimony is never a basis for granting a motion for a new trial. *See Mesarosh v. United States*, 352 U.S. 1, 9 (1956); *United States v. Davis*, 960 F.2d 820, 825 (9th Cir. 1992). Evidence is material if it, by itself, bears on the issue in the case. *See Wall*, 389 F.3d at 470; *United States v. Krasny*, 607 F.2d 840, 845 n.3 (9th Cir. 1979) (materiality and probability "are really two means of measuring the same thing"). And, whether acquittal would probably result is a question answered when considering the other evidence presented at trial. *Krasny*,

585 F.3d at 1291 (Fletcher, J., dissenting); *Wall*, 389 F.3d at 471.

From the outset, Mr. Sanchez asserts that he needs additional time to have examined Dr. Hastings's clinical approach to the examination she conducted of Mr. Sanchez as well as Dr. Hastings's clinical findings. These subsequent examinations will take time to arrange and conduct. These subsequent examinations are necessary in light of the gravity of Mr. Sanchez's conviction; the life sentence he faces; and the rare circumstances now faced where newly discovered evidence shows a great possibility that he was evaluated by an expert who was under the influence and/or that expert testified on his behalf under the influence. Mr. Sanchez cannot know the depth of the effect of Dr. Hastings's potential drug problems on his case without further time to gain subsequent examinations.

To the extent, however, that this Court disagrees with Mr. Sanchez's request for additional time, he argues as follows knowing that the following argument would be more fully developed and supported, factually, if additional time was granted and subsequent examinations were obtained.

Mr. Sanchez at no time before the knowledge he gained on the morning of December 8, 2017, knew that an indictment had been handed down alleging four separate charges against Ms. Hastings or that a warrant had been issued for Ms.

6

Hastings' arrest.  The failure to know about Ms. Hastings' indictment, dated November 29, 2017, and arrest warrant was not due to a lack of due diligence on Mr. Sanchez's part.  Indeed, the information came as a surprise to all on the defense team on December 8, 2017.  The drug charges Dr. Hastings now faces are not impeachment evidence from the defense perspective.  For the same reasons her indictment has become material, Dr. Hastings' testimony was the sole testimony that Mr. Sanchez submitted in support of his theory that he could not have formed the requisite intent to commit first degree murder.

In that regard, while Ms. Hastings is entitled to her own presumption of innocence, again her drug charges beg the question whether Dr. Hastings was under the influence of drugs when she both examined Mr. Sanchez and testified on his behalf.  Mr. Sanchez's mental ability–or lack thereof–was *the* issue in the case, which is precisely the definition of materiality.

Finally, when reviewing the probability of an acquittal factor, Mr. Sanchez asserts that the character of this newly discovered evidence is indeed rare.  That an expert arrested on a felony faces indictment and proceeds to testify–at a first degree murder trial nonetheless–without disclosing those facts to counsel is a factual scenario not likely ever to have been seen by this Court.  Taking into account the other evidence produced at trial, the probability exists that even

though the jury found Mr. Sanchez guilty of first degree murder, an acquittal would probably have resulted if a different or unimpaired expert testified.  That is true because, again, the very witness to produce *the* evidence about how Mr. Sanchez could not form the requisite intent could have potentially been examining Mr. Sanchez and testifying on behalf of Mr. Sanchez while under the influence.  Such an examination and presentation could have affected the credibility assessment the jury undertook when deliberating.

## IV.  CONCLUSION

WHEREFORE, Mr. Sanchez requests that this Court grant his motion for an extension of time to file a motion for a new trial.

RESPECTFULLY  SUBMITTED this 19th day of December 2017.

/s/ Gillian Gosch
GILLIAN E. GOSCH
Assistant Federal Defender

## CERTIFICATION OF COMPLIANCE

Gillian E. Gosch and the Federal Defenders of Montana hereby certify that the brief in support is in compliance with Local Rule CR 12.1(a) and (e)(as amended). The brief's line spacing is double spaced (except quotations), and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 1,583, excluding captions and certificates).

RESPECTFULLY SUBMITTED this 19th day of December 2017.


    /s/ Gillian Gosch
    Federal Defenders of Montana

## CERTIFICATE OF SERVICE – LR 5.2(b)

I hereby certify that on December 19, 2017, a copy of the foregoing document was served on the following persons by the following means:

```
  1, 2      CM-ECF
    3       Mail
            Fax
```

1. CLERK, U.S. DISTRICT COURT     3.  DIMARZIO S. SANCHEZ
                                       Defendant

2. LORI HARPER SUEK
   JOHN SULLIVAN
   Assistant U.S. Attorneys
       Counsel for the United States


                                    /s/ Gillian Gosch