GILLIAN E. GOSCH
Assistant Federal Defender
ANTHONY R. GALLAGHER
Federal Defender
Federal Defenders of Montana
2702 Montana Avenue, Suite 101
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
gillian_gosch@fd.org
             Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIMARZIO SWADE SANCHEZ,<br><br>Defendant. | Case No. CR-16-82-BLG-SPW-01<br><br>**DEFENDANT'S<br>BRIEF IN SUPPORT OF<br>UNOPPOSED MOTION FOR A<br>SECOND EXTENSION<br>OF TIME TO FILE A MOTION<br>FOR A NEW TRIAL** |
|---|---|

### I.  INTRODUCTION

Defendant Dimarzio Swade Sanchez (Mr. Sanchez) moved for an extension of time to file a motion for a new trial pursuant to Rules 33 and 45 of the Federal Rules of Criminal Procedure.  This Court granted Mr. Sanchez's motion on December 20,

1

2017, giving Mr. Sanchez until January 5, 2018, to file his motion for a new trial.

While undersigned counsel has worked diligently in the time granted to expedite the process of having Mr. Sanchez re-examined and Licensed Clinical Psychologist, Dr. Teri Hastings's evaluative process analyzed, Mr. Sanchez still needs additional time to complete the process. This brief supports Mr. Sanchez's second unopposed motion for extension of time to file a motion for a new trial.

## II. FACTS

As this Court is aware, Mr. Sanchez was convicted by a jury of first degree murder for having killed R.R. with malice aforethought and premeditation, and aided and abetted the same. Mr. Sanchez asserted that he could not have formed the requisite intent to commit first degree murder based, in large part, on his mental abilities which Dr. Hastings examined. Dr. Hastings was called as Mr. Sanchez's sole witness. She examined Mr. Sanchez and testified during Mr. Sanchez's trial about her findings.

One day after Mr. Sanchez was convicted, undersigned counsel learned that both an arrest warrant and indictment charging Dr. Hastings with four separate counts of obtaining possession of a controlled substance by theft, misrepresentation, forgery or fraud had been issued against Dr. Hastings on November 29, 2017–three days prior to Mr. Sanchez's trial. Dr. Hastings examined Mr. Sanchez during the time frame

2

covered by the indictment.

Dr. Hastings's indictment raises the question whether she was under the influence when she examined Mr. Sanchez and/or when she testified at his trial. The material issue at Mr. Sanchez's trial was whether he acted with specific intent. Consequently, Dr. Hastings's potential impairment while examining Mr. Sanchez and/or testifying about Mr. Sanchez bears on *the* issue in Mr. Sanchez's case and the heart of Mr. Sanchez's sole defense. Indeed, if the jury believed that Mr. Sanchez did not act with premeditation, the jury could have convicted him of the lesser included charge of second degree murder.

Mr. Sanchez cannot know the depth of the effect of Dr. Hastings's potential drug problems on his case without further time to complete the subsequent examinations he has sought before filing a motion for a new trial.

### III. ARGUMENT

Rule 33 of the Federal Rules of Criminal Procedure provides that upon a defendant's motion, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Rule 33 is a claim-processing rule that ensures relief to a party properly raising it. *See Eberhart v. United States*, 546 U.S. 12, 19 (2005); *See also* Fed.R.Crim.P. 45(b)(1) ("[w]hen an act must or may be done within a specified period, the court on its own may extend the time, or for

good cause may do so on a party's motion made . . . before the originally prescribed or previously extended time expires).

In the time already granted by this Court, Mr. Sanchez has retained the services of two separate experts: one doctor to evaluate the examination process undertaken by Dr. Teri Hastings and another doctor to examine Mr. Sanchez anew. To date, undersigned counsel just received as of the date of this filing the raw data[1] from Dr. Hastings, which along with the transcript of Dr. Hastings's testimony already obtained will then be sent to one of the retained experts for review. Additionally, undersigned counsel retained a separate psychiatrist to examine Mr. Sanchez. The scheduling of Mr. Sanchez's transport as soon as possible to Missoula, Montana, where the examination will occur is underway.

Mr. Sanchez needs additional time for these experts to complete their examinations of Dr. Hastings's evaluative approach and of Mr. Sanchez himself. These subsequent examinations are necessary in light of the gravity of Mr. Sanchez's conviction; the life sentence he faces; and the unique circumstances this case presents where newly discovered evidence shows a great possibility that he was evaluated by an expert who was under the influence and/or who testified on

---

[1] Raw data to include any and all testing, models, programs, etc. used and the answers thereto when examining Mr. Sanchez.

his behalf under the influence.

## IV.  CONCLUSION

WHEREFORE, Mr. Sanchez requests that this Court grant his second unopposed motion for an extension of time until the end of February 2018 to file a motion for a new trial.

RESPECTFULLY  SUBMITTED this 3rd day of January, 2018.

/s/ Gillian Gosch
GILLIAN E. GOSCH
Assistant Federal Defender

## CERTIFICATION OF COMPLIANCE

Gillian E. Gosch and the Federal Defenders of Montana hereby certify that the brief in support is in compliance with Local Rule CR 12.1(a) and (e)(as amended). The brief's line spacing is double spaced (except quotations), and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 768, excluding captions and certificates).

RESPECTFULLY SUBMITTED this 3rd day of January, 2018.

/s/ Gillian Gosch
Federal Defenders of Montana

## CERTIFICATE OF SERVICE – LR 5.2(b)

I hereby certify that on January 3, 2018, a copy of the foregoing document was served on the following persons by the following means:

    1, 2    CM-ECF
      3     Mail
            Fax

1.  CLERK, U.S. DISTRICT COURT      3.  DIMARZIO S. SANCHEZ
                                            Defendant

2.  LORI HARPER SUEK
    JOHN SULLIVAN
    Assistant U.S. Attorneys
        Counsel for the United States

                                /s/ Gillian Gosch

7