GILLIAN E. GOSCH
Assistant Federal Defender
ANTHONY R. GALLAGHER
Federal Defender
Federal Defenders of Montana
2702 Montana Avenue, Suite 101
Billings, Montana 59101
Phone: (406) 259-2459
Fax: (406) 259-2569
gillian_gosch@fd.org
      Attorneys for Defendant

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DIMARZIO SWADE SANCHEZ,<br><br>Defendant. | Case No. CR-16-82-BLG-SPW-01<br><br>**DEFENDANT'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR A NEW TRIAL** |

## I. INTRODUCTION

At the close of the hearing held on August 22, 2018, regarding Dimarzio Swade Sanchez's (Mr. Sanchez) motion for a new trial, the district court ordered supplemental briefing. Mr. Sanchez stands on the arguments he raised in his initial

1

briefing (Docs. 302, 303, 324), unless he has indicated otherwise as contained in those briefs, and supplements his briefing as follows.

## II.  FACTS

As is known, cell phones contain calendars.  At issue in Mr. Sanchez's case is a blue iPhone calendar entry description "Roylynn Rideshorse" and a calendar entry message "I should have told them the truth about what I did.  Now I'm full of regret, not of what happened, but I told them what somewhat happened I was a part of it.  I beat her in the car a bit.  I kicked her on the side of the head.  I helped find the gas can.  I felt so alone when I found out they got caught."[1].  (August 22, 2018 Transcript of Motion Hearing (Tr) at 12).

The "Roylynn Rideshorse" description and the "I should have told them the truth" message are listed on the calendar date of April 16, 2016.  The description, as confirmed by certified forensic computer examiner Joel Brillhart and Special Agent Matthew Salacinski, was created on June 22, 2016 at 10:16 p.m.  (Tr at 12, 14, 90-91).  Both Brillhart and SA Salacinski could not say when the message (the words) were written.  (Tr at 19, 91).

---

[1] Unless otherwise specifically delineated, the term "calendar entry message" refers to the calendar entry description and calendar entry message collectively.

On June 24, 2016, Josie Hart sent a text message to Judaya Threefingers. (Tr at 25). Hart did so because she could not get in contact with Theron Adams who is the father of Hart's daughter. (Tr at 24-25). Threefingers and Adams were seeing each other. (Tr at 24). Hart figured contacting Threefingers was the only way Hart could talk to Adams about their daughter's upcoming birthday party. (Tr at 25).

Hart still had the text messages she sent to Threefingers and provided them to the FBI. (Tr at 25-26).

On June 25, 2016, another calendar entry was created on the blue iPhone–that Brillhart and not SA Salacinski found–that had a description stating, "Theron's daughter birthday," and a message stating, "Found out her second birthday. It is because Josie Hart messaged me asking to tell him if he would be able to make it. Then Theron got mad at me because he thought I was talking shit to her when all I was doing was sending the message like that saying a little bird told me." (Tr at 15). The description of "Theron's daughter" was placed on the calendar date of July 4, 2016. (Tr at 15).

Threefingers acknowledged that she texted back and forth with Josie Hart on June 24, 2016. (Tr at 53). Threefingers also acknowledged that she may have written the calendar entry message regarding the birthday party, with a creation date for the description on June 25, 2016. (Tr at 53, 62).

3

Threefingers denied having written the calendar entry description and message regarding Roylynn Rideshorse and not telling the truth, with a creation date for the description on June 22, 2016.

### III.  ARGUMENT

**A.   *Brady* Violation.**

Mr. Sanchez should receive a new trial based on the violation of *Brady v. Maryland*, 373 U.S. 83 (1963) that has occurred in this case.[2]  Under *Brady*, suppression of evidence that is favorable to an accused violates due process (under the Fifth and Fourteenth Amendments to the United States Constitution) if that evidence is material to the accused's guilt or punishment. *Brady*, 373 U.S. at 87. This suppression follows irrespective of whether good or bad faith exists on the government's part. *Id.*

In establishing a *Brady* violation, first, the evidence must be favorable to the defendant in that the evidence is either exculpatory or impeaching. *United States v. Bagley*, 473 U.S. 667 (1985).  "[E]vidence that would impeach a central witness is indisputably favorable to the accused." *United States v. Price*, 566 F.3d 900, 907 (9th

---

[2]  Mr. Sanchez recognizes that his motion for a new trial included several claims, including regarding Mr. Sanchez's expert and destruction of evidence. (*See* Docs. 303, 324).  To be clear, however, Mr. Sanchez has never wavered from his contention that the *Brady* violation in this case mandates a new trial.  Mr. Sanchez still pursues a new trial based on that *Brady* violation.

4

Cir. 2009) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)).  Favorable evidence includes evidence that tends to make guilt less likely.  *United States v. Stever*, 603 F.3d 747 (9th Cir. 2010).

Here, the calendar entry message contradicts what Threefingers testified to under oath at trial, proving at a minimum that she lied under oath.  The evidence presented at the hearing strongly suggests that the blue iPhone Ananda Littlebird came to possess in December 2017 was Threefingers' iPhone in 2016.  Brillhart and SA Salacinski testified that the "Roylynn Rideshore" calendar entry description was created on June 22, 2016 at 10:16 p.m.

Earlier that same day on June 22, 2016, Angelica Whiteman and Dimarzio Sanchez had their initial appearances for the assault of Rideshorse–an event that Threefingers was present for.  A calendar entry description by Threefingers about feelings of guilt and loneliness, therefore, makes sense given that Threefingers was not charged and "they" (Whiteman and Dimarzio Sanchez) were.

The calendar entry evidence, at a minimum then, could be used at trial to impeach Threefingers, Whiteman, and Frank Sanchez.  All three individuals testified they were inside the car when the gas was poured on Rideshorse and the lighter was lit.  The calendar entry evidence impeaches their claims.  The fact the evidence is

indisputably impeachment means the evidence is favorable to Dimarzio Sanchez, meeting the first prong of the *Brady* violation test.  *See Price*, 566 F.3d at 907.

Mr. Sanchez anticipates the government will argue no definitive proof exists that the iPhone was Threefingers and that she wrote the "I should have told them the truth" message (since she admits to having possibly written the birthday message). Hence, the calendar entry message on it has no bearing on Mr. Sanchez's case or his *Brady* violation claim.

However, it strains credulity to suggest that Threefingers, who admitted (1) she texted Josie Hart on June 24, 2016, and who admitted (2) she may have written the calendar entry description of "Theron's daughter" along with the calendar message regarding the birthday party on June 25, 2016, did not write the calendar entry description of "Roylynn Rideshorse" along with the calendar entry message regarding not telling the truth on June 22, 2016.

That follows because, again, just two days after Whiteman's and Dimarzio Sanchez's initial appearances, Threefingers admitted to having texted back and forth with Josie Hart on June 24, 2016, from an iPhone that Threefingers also admitted she possibly wrote a calendar entry description regarding "Theron's daughter" on June 25, 2016.

Moreover, to the extent the government argues the created date for the calendar entry description and message is not accurate, (1) Brillhart stated that "timestamps are very accurate on phones" (Tr at 19); and more to the point (2) SA Salacinski on direct was forceful, but on cross hedged and ultimately revealed he could not say whether the created dates for both calendar entry descriptions ("Roylynn Rideshorse" and "Theron's daughter") were or were not accurate. (Tr at 91).

In establishing a *Brady* violation, the evidence also must have been suppressed by the government either willfully or inadvertently. *United States v. Agurs*, 427 U.S. 97 (1976).

The government was aware of the calendar entry message as of December 8, 2017. The government, however, did not produce the calendar entry message until 91 days later on March 9, 2018. Special Agent Aaron Christensen reiterated this point at the hearing on August 22, 2018, indicating that his "investigation began in December and ended in May 2018." (Tr at 58). During that seven-month period, he stated he was "consistently turning over" reports to the government. (Tr at 58-59). When asked whether he knew if the government had disclosed its knowledge of the cell phone to Mr. Sanchez, SA Christensen stated he knew the evidence had not been disclosed as of January 2018. (Tr at 59).

7

The government may urge this Court to adduce that nobody definitively knows who wrote the calendar entry message. However, the United States should not be allowed to use that ploy to deflect this Court from the government's failure to disclose the calendar entry message when it learned of it on December 8, 2018. That failure is a violation of *Brady*, plain and simple. A prosecutor is obligated to turn over evidence. *See Youngblood v. West Virginia*, 547 U.S. 867 (2006); *Kyles v. Whitley*, 514 U.S. 419 (1995).

The government may also urge this Court to assume that it spent seven months investigating in a quest to discern the author of the calendar entry message. That attempted misdirection fails to recognize that it was Mr. Sanchez who inquired about the cell phone evidence in January 2018, when defense investigation learned of its possible existence. It was Mr. Sanchez who requested additional data from the cell phone once the evidence was finally disclosed 91 days after the government knew of it. And it was Mr. Sanchez's forensic examination that prompted the government's forensic examiner to finally delve more deeply into the cell phone data, confirming the revelation of the calendar entry description and message regarding Theron's daughter and the birthday.

SA Christensen testified that he did not go back to talk to Threefingers because he could not establish that "she'd ever had ownership or control of this phone. I

could not establish that she had written the message that was found on the phone." (Tr at 62). It was the government's choice to limit investigation so no connection could be made until Mr. Sanchez finally had the evidence. Mr. Sanchez's examination of the evidence prompted further law enforcement examination and analysis of the evidence which tied together the cell phone, the dates, and Threefingers. It should not fall to Mr. Sanchez to do the government's work. Evidence critical to the fair and just disposition of a criminal case should not await a post trial or eleventh hour defense motion. *See United States v. Limpy*, CR 17-130-BLG-SPW (the government moved to dismiss after "additional investigation" revealed information "unknown to the United States at the time of the indictment"). (Doc. 47).

Finally, in establishing a *Brady* violation, the suppressed evidence must be material to the guilt or innocence of the defendant. *United States v. Bagley*, 473 U.S. 667 (1985). The touchstone of materiality is whether admission of the suppressed evidence would have created a "reasonable probability" of a different result. *Kyles v. Whitley*, 514 U.S. 419 (1995). Mr. Sanchez does not need to show that he "would more likely than not have received a different verdict with the evidence." *Kyles*, 514 U.S. at 434. Mr. Sanchez needs only to show that the government's suppression of the evidence "undermines confidence in the outcome." *Id.*

9

Here, the calendar entry message contradicted Threefingers' sworn testimony at trial that she was inside the car at the time the gas can was retrieved and Rideshorse was set on fire. The government's entire theory of the case was based on what Threefingers, Whiteman, and Frank Sanchez said.

The calendar entry message shows that Threefingers was lying when she said she was in the car. This bears on *the* issue in the case, since this case was about who did what and when. The calendar entry message shows that Threefingers hurt Rideshorse; that Threefingers saw who poured gas on Rideshorse; and that Threefingers saw who lit Rideshorse on fire. Threefingers, Whiteman, and Frank Sanchez are more culpable than originally presented to the jury because all three individuals could not have been in the car when the gas was poured and the lighter was lit as all three previously testified.

Additionally, over objections at Mr. Sanchez's trial, the district court permitted the doctor at the Indian Health Clinic to testify about a statement Rideshorse said to him, which was that she knew who "did this to me." The government's evidence up until that point was that Mr. Sanchez acted alone. Consequently, with Rideshorse saying she knew who "did this to me" the jury had no other person to blame besides Mr. Sanchez.

The calendar entry message, however, places Threefingers, Whiteman, and Frank Sanchez all in a more culpable position than what the jury heard originally. The calendar entry message calls into question who actually did what and when, which fully undermines the confidence of the jury's guilty verdict against Mr. Sanchez.

**B.      Federal Rule of Criminal Procedure Rule 33.**

In addition to the *Brady* violations in this case, Mr. Sanchez moved for a new trial under Rule 33 of the Federal Rules of Criminal Procedure. That rule targets newly discovered evidence and cases interpreting that rule have utilized a five-part test when applying it. *United States v. Harrington*, 410 F.3d 598 (9th Cir. 2005).

First, the evidence must be newly discovered. Second, the evidence must be discovered through no lack of diligence on the defendant's part. The government concedes both of these prongs are met. (Doc. 307).

Third, the evidence must not be cumulative or impeaching. *Mesarosh v. United States*, 352 U.S. 1 (1956); *United States v. Davis*, 960 F.2d 820 (9th Cir. 1992). Fourth, the evidence must be material to an issue in the case. *United States v. Wall*, 389 F.3d 457 (5th Cir. 2005); *United States v. Krasny*, 607 F.2d 840 (9th Cir. 1979). And fifth, it must be more probable than not that with the evidence an acquittal will

11

result. *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (view the evidence in totality).

The Rule 33 prongs addressing the non-impeaching nature of the evidence, the materiality, and the probability of an acquittal have the same reasons underlying the materiality of the evidence as for the *Brady* violation analysis.

Namely, the government's theory of the case rested on the testimony of Threefingers, Whiteman, and Frank Sanchez. The calendar entry message does not just impeach their testimony. It affects the core of the government's case because the case was about who did what and when. The calendar entry message now proves that Threefingers hurt Rideshorse; that Threefingers saw who poured gas on Rideshorse; and that Threefingers saw who lit Rideshorse on fire.

Threefingers testified that she was in the car when the incident happened and that she did not participate. The calendar entry message proves, at a minimum, that Threefingers was outside the car. Whiteman and Frank Sanchez also both testified that they were inside the car at the time the gas was poured on Rideshorse and the lighter was lit. The calendar entry message, however, places Threefingers, Whiteman, and Frank Sanchez in a more culpable position than originally presented to the jury.

Case 1:16-cr-00082-SPW   Document 350   Filed 10/11/18   Page 13 of 15

In that regard, finally, a reasonable probability exists that the result of Mr. Sanchez's trial would have been different with the calendar entry message evidence because of the foregoing and because of the doctor's testimony at trial. Over strident objections, the district court permitted the doctor at the Indian Health Clinic to testify about a statement Rideshorse said to him when she was there which was that she knew who "did this to me." The government's evidence up until that point was that Mr. Sanchez acted alone. With Rideshorse's statement, then, the jury had no other person to place any culpability on; however, the calendar entry message places Threefingers, Whiteman, and Frank Sanchez all in a more culpable position than what the jury heard originally.

Therefore, it is more probable than not that with the calendar entry evidence the jury would conclude Mr. Sanchez did not kill Rideshorse with malice aforethought and premeditation and aiding and abetting the same.

### IV.  CONCLUSION

WHEREFORE, Mr. Sanchez requests that this Court grant his motion for a new trial.

RESPECTFULLY SUBMITTED this 11th day of October, 2018.

/s/ Gillian Gosch
GILLIAN E. GOSCH
Assistant Federal Defender

13

## CERTIFICATION OF COMPLIANCE

Gillian E. Gosch and the Federal Defenders of Montana hereby certify that the brief in support is in compliance with Local Rule CR 12.1(a) and (e)(as amended). The brief's line spacing is double spaced (except quotations), and is proportionately spaced, with a 14 point font size and contains less than 6,500 words. (Total number of words: 2,676, excluding captions and certificates).

RESPECTFULLY SUBMITTED this 11th day of October, 2018.

/s/ Gillian Gosch
Federal Defenders of Montana

## CERTIFICATE OF SERVICE – LR 5.2(b)

I hereby certify that on October 11, 2018, a copy of the foregoing document was served on the following persons by the following means:

```
  1, 2     CM-ECF
    3      Mail
           Fax
```

1. CLERK, U.S. DISTRICT COURT

2. LORI HARPER SUEK
   Assistant U.S. Attorney
       Counsel for the United States

3. DIMARZIO S. SANCHEZ
       Defendant

/s/ Gillian Gosch